Filed 3/11/14  P. v. Young CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059931 |
| v. | (Super.Ct.No. FCH02413) |
| ZURI YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Zuri Young appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes

1

Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]

Defendant filed notice of appeal on October 29, 2013.[2] We affirm.

PROCEDURAL BACKGROUND

On April 21, 1998, a jury found defendant guilty of one count of battery on a nonprisoner by a prisoner. (§ 4501.5.) A trial court found that he had four prior strike convictions for attempted murder (§§ 664/187) and one prior strike conviction for robbery (§ 211). (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).) On July 16, 1998, following the denial of defendant's motion to strike his prior strike convictions, the court sentenced him to state prison for 25 years to life.

On June 17, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition since defendant's prior strike convictions

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

included four counts of attempted murder (§§ 664/187), which made him ineligible for resentencing under section 1170.126, subdivision (e)(3).

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the trial court erred in concluding that defendant did not qualify for resentencing under section 1170.126, subdivision (e)(3).

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In his supplemental brief, defendant argues that: (1) the trial court erred in that it did not have enough information on his prior convictions and overlooked the fact that the prior convictions for attempted murder and robbery were nonviolent convictions; (2) his "plea bargain conviction is only (1) strike which has been invalidated as of 12-12-13"; and (3) "new law indicates that pre-1994 plea bargains are no longer valid for three strikes purposes." In light of these claims, defendant contends that this court should resentence him, as requested in his petition.

Although not clearly articulated, defendant's claims appear to contest the true findings on his prior strikes. However, the true findings on his prior strikes are not at issue in this appeal. This appeal is from the trial court's denial of defendant's petition to modify his sentence under section 1170.126. Defendant is not eligible for modification

3

of his sentence because his underlying offenses were serious and/or violent felonies. Section 1170.126, subdivision (e)(3), provides that a defendant is eligible for resentencing if he "has no prior convictions for any of the offenses appearing in" section 1170.12, subdivision (c)(2)(C). Among the "serious and/or violent felonies" that render a defendant ineligible for relief is attempted murder. (§ 1170.12, subd. (c)(2)(C)(iv)(IV) [homicide or attempted homicide].) The amended information alleged that defendant had five prior serious or violent felony convictions, including attempted murder and robbery. The trial court below found the strike allegations true. Accordingly, as the trial court which ruled on defendant's Proposition 36 petition found, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (e)(3), because of his prior convictions.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

4